**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

LAWRENCE EARL WILSON,

      Petitioner,  : Case No. 3:19-cv-266

 - vs -          District Judge Thomas M. Rose
              Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Franklin Medical Center,

             :
      Respondent.

## ORDER STAYING PROCEEDINGS

This is an action for a writ of habeas corpus, brought *pro se* by Petitioner Lawrence Wilson under 28 U.S.C. § 2254. As with all actions for post-conviction relief in this Court, it has been referred to the undersigned pursuant to General Order Day 13-01. The case is ripe for initial review under Rule 4 of the Rules Governing § 2254 Cases.

**Jurisdiction**

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976), both superseded on other grounds by 28 U.S.C. § 1367. A federal court is further obliged to note lack of subject matter jurisdiction *sua*

1

*sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653, 657 (6th Cir. 2014); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Wilson seeks relief from his conviction in the Montgomery County Court of Common Pleas on a charge of rape of a person under thirteen years of age. Judgment on that conviction in Case No. 96-CR-1019 was initially entered by Judge David Sunderland on July 30, 1997 (ECF No. 1-2, PageID 79.)

Wilson originally sought federal habeas corpus relief from that conviction in Wilson v. Warden, Case No. 3:99-cv-128[1]. This Court dismissed that case January 3, 2000, and the Sixth Circuit affirmed that dismissal February 8, 2002.

A District Court has no jurisdiction to rule on a second-or-successive habeas petition. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). At the same time, however, it is the District Court which must decide in the first instance whether a petition is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

Wilson concedes that the instant Petition is second-in-time. He contends, however, that it is not second-or-successive within the meaning of 28 U.S.C. § 2244 because there is a new state court judgment entered after completion of his first case, to wit, the Nunc Pro Tunc Termination Entry entered by Common Pleas Judge Frances McGee on January 7, 2011 (ECF No. 1-2, PageID 83).

However, on April 8, 2019, Wilson filed in the Sixth Circuit a Motion under 28 U.S.C. § 2244 for leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254 (6th

---

[1] The case was filed before this Court adopted electronic filing on September 1, 2003, and would have been numbered C:3-99-128.

Cir. Case No. 19-3310). Four of the five claims he asked the Sixth Circuit for permission to file are identical to the four claims he makes in the instant Petition. This filing in the Sixth Circuit constitutes an admission by Wilson that the instant Petition is second or successive; indeed he refences the 2011 Nunc Pro Tunc entry.

Wilson acknowledges this filing in his instant Petition:

> Wilson has moved the United States Court of Appeals for the Sixth Circuit for permission to file a second or successive habeas petition which has been docketed as *In re: Lawrence Wilson*, case number 19-3310. Pursuant to 28 U.5.C. § 2244(b)(3)(D), the Court was required to answer within thirty (30) days[.] However, the court has held that this "provision is hortatory or advisory rather than mandatory." *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997); *In re McDonald*, 514 F.3d 539, 542 n.2 (6th Cir. 2008). Nevertheless, The term "shall" is not permissive; it is mandatory. *Citizens Coal Council v. United States Enviro. Protection Agency,* 447 F.3d 879, 921 (6th Cir. 2006). It has now been unanswered for over one hundred twenty (120) days. The claims raised in this numerically second habeas petition were not ripe at the time that the initial habeas petition was filed and do not fall within[ ]§ 2244's strictures governing second or successive petitions. Because the Court of Appeals authorization is not required for this Second in Time Petition for a Writ of Habeas Corpus by a person in State Custody this petition follows.

(ECF No. 1-1, PageID 31-32.)

Wilson is correct that the text of 28 U.S.C. § 2244(b)(3)(D) uses language ordinarily understood to be mandatory when it requires a court of appeals to "grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.". However, the statute does not suggest that if a decision is not rendered within thirty days, a party is free to proceed without permission. Whether or not the cited Sixth Circuit authority is correct in some metaphysical sense, it is published precedent binding on this Court in the absence of an *en banc* or Supreme Court overruling.

Because Wilson conceded this would be a second or successive petition and sought

permission, he has placed the question of whether he can proceed before the Sixth Circuit. In this Court's experience if the circuit court finds permission is not needed because the petition is not second or successive, it will deny the pending application as unnecessary and thus allow the case to proceed here. Until the circuit court has disposed of the pending application, however, a decision on the second or successive question by this Court runs the risk of inconsistent decisions between the two courts.

Accordingly, it is hereby ORDERED that all further proceedings in this matter be, and they are hereby STAYED, pending a decision by the Sixth Circuit in Case No, 19-3310. Petitioner is ordered to keep this Court currently apprised of any decisions in that matter.

The Clerk will make service of this Order on the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

August 30, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
