# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LAWRENCE EARL WILSON,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 3:19-cv-266 |
| - vs - | | | District Judge Thomas M. Rose |
| | | | Magistrate Judge Michael R. Merz |
| RHONDA RICHARDS, Warden, | | | |
| Franklin Medical Center, | | | |
| | | : | |
| | Respondent. | | |

## DECISION AND ORDER DENYING RELEASE ON BAIL

This habeas corpus action is before the Court on Petitioner's Motion for Release on His Own Recognizance and Stay of Execution of the State Sentence in his case.

A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza,* 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

The Magistrate Judge accepts as true Wilson's claim that as a prisoner in the Ohio prison system, he is at a higher risk of infection during the COVID-19 pandemic than members of the general population. Although he does not provide corroborating medical evidence of his underlying conditions, his age and the existence of those conditions do put him in a group at higher risk than other prisoners. But that does not set him apart from many other persons who are incarcerated; chronic obstructive pulmonary disease and hypertension are relatively common medical conditions, especially in males of Wilson's age.

Wilson has also not shown that his right to relief in this case is "clear." In recognizing that Wilson did not need circuit court permission to file a habeas corpus petition relating to denial of parole in 2017. *In re Wilson,* Case No. 19-3310 (6th Cir. Oct. 11, 2019)(unreported; copy at ECF No. 3). In the course of reaching that conclusion, however, the Sixth Circuit recounted the many times that many different courts, including this one, have rejected Wilson's attacks on the underlying judgment.

Accordingly, the Motion is DENIED.

May 8, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

2