# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LAWRENCE EARL WILSON,

        Petitioner,      :      Case No. 3:19-cv-266

   - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
  Franklin Medical Center,

                                        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court for decision on the merits on the Amended Petition of Lawrence Earl Wilson (ECF No. 7), the State Court Record (ECF Nos. 22 and 25), the Warden's Return of Writ (ECF No. 26), and Petitioner's Reply (ECF No. 33).

**Litigation History**

When Wilson initially filed his Petition, the Court noted that Wilson had an application for permission to proceed on a second or successive habeas corpus petition pending before the Sixth Circuit and stayed the proceedings pending that court's determination (ECF No. 2). The circuit court then denied Wilson permission to proceed on his first, second, and fifth grounds for relief, but decided he needed no permission on grounds three and four because their factual predicate, Wilson's 2017 parole hearing, arose after his prior case was decided. *In re Lawrence E. Wilson*,

Case No. 19-3310 (6th Cir. Oct. 11, 2019) (unpublished; copy at ECF No. 3).  Our jurisdiction thus clarified, the Court dissolved the stay and ordered an amended petition setting forth as grounds one and two the two grounds on which the Sixth Circuit had found we have jurisdiction (ECF No. 4).  Wilson then filed an Amended Petition (ECF No. 7), which complied with that order.

## Analysis

While Respondent presents a defense on the merits, she also asserts the Court should not reach the merits because the Petition is time-barred (Return, ECF No. 26, PageID 1169-1182).  In his thirty-four page Reply, Wilson spends the first thirty-two pages reciting a litany of all the legal and factual errors he believes have infected this case since its inception (Reply, ECF No. 33, PageID 1203-34).  Wilson asserts all of these errors are "relevant to his parole proceedings" and that none of his parole proceedings became ripe for review until after his first habeas corpus case was decided.  *Id.* at PageID 1205, 1209, 1223.

Only on page 32 of his Reply (ECF No. 33, PageID 1234) does Wilson turn to the statute of limitations question.  He asserts the unobjectionable proposition that a habeas petitioner must exhaust available state court remedies before seeking habeas corpus relief.  He asserts that he has repeatedly presented his case to the state courts and that his underlying conviction is void because he was denied his Sixth Amendment right to counsel in that his waiver of counsel was not voluntary.  He concludes: "The Petition should not be dismissed because the question of a waiver of a federally guaranteed constitutional right is a federal question controlled by federal law." *Id.* at PageID 1235.

Wilson's Reply, both in its long recitation of legal errors throughout his case and in its

conclusion, essentially asks this Court to disregard all of the provisions in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") intended to protect the finality of state court judgments and the finality of initial habeas corpus judgments. If it were the case that anytime there was an arguable federal constitutional issue with a state criminal conviction, the defendant could seek habeas relief, then the statute of limitations provisions for habeas would be inoperable; the same is true for the provision requiring circuit court permission for a second habeas petition. This was the law before 1996: there was no statute of limitations and *res judicata* did not apply at all, so a state defendant could file repeatedly. However, the limitations on time of filing and number of petitions have been repeatedly upheld by the Supreme Court. *See, e.g.*, *Wood v. Milyard*, 566 U.S. 463 (2012); *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010); *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Day v. McDonough*, 547 U.S. 198, 205-06 (2006).

Applying the statute of limitations, 28 U.S.C. § 2244(d), to this case, the Court finds Wilson's most recent denial of parole occurred on February 28, 2017. Nearly a year later, Wilson asked the parole board to reconsider its decision, but it declined to do so. On June 11, 2018, Wilson filed a complaint for writ of mandamus in the Supreme Court of Ohio to compel the Adult Parole Authority to reconsider. The State moved to dismiss on the grounds that Wilson had not shown how he was denied meaningful parole consideration or how the Adult Parole Authority had violated any statutes. The court granted the motion to dismiss on September 26, 2018. Wilson then sought permission to file the instant habeas petition on April 8, 2019.

The decision which the Sixth Circuit gave Wilson permission to challenge in this proceeding occurred February 28, 2017. His first attempt at obtaining a state court remedy for that decision was not filed until more than fifteen months later when he sought mandamus from the

Supreme Court of Ohio.  Regarding the appropriate state court remedy under those circumstances, this Court has previously written:

> It is not clear to this Court whether McBroom pursued the appropriate remedy in the Ohio courts. In Ohio, mandamus is available to compel Adult Parole Authority to do non-discretionary duties, e.g., under *Morrissey v. Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), citing *State ex rel. Atkins v. Denton,* 63 Ohio St. 2d 192, 406 N.E.2d 1390 (1980); *State ex rel. Jackson v. Denton*, 5 Ohio St. 3d 179, 5 Ohio B. 397, 449 N.E.2d 1288 (1983); *State ex rel. Ferguson v. Ohio Adult Parole Authority*, 45 Ohio St. 3d 355, 544 N.E.2d 674 (1989). On the other hand habeas corpus in the Ohio courts is available to test a parole action when it results in person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), citing *In re Anderson,* 55 Ohio App. 2d 199, 380 N.E.2d 368 (Cuyahoga Cty. 1978). Habeas corpus rather than mandamus is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel Lemmon v. Ohio Adult Parole Auth.*, 78 Ohio St. 3d 186, 188, 1997 Ohio 223, 677 N.E.2d 347 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594, 1994 Ohio 208, 635 N.E.2d 26 (1994). Mandamus is also available to review claims of denial of due process by the Adult Parole Authority. *State, ex rel. Coulverson v. Ohio Adult Parole Authority*, 62 Ohio St. 3d 12, 577 N.E.2d 352 (1991).

*McBroom v. Richard,* No. 3:16-cv-514, 2017 U.S. Dist. LEXIS 40464 at * 7, 2017 WL 1062496 (S.D. Ohio Mar. 21, 2017) (Merz, Mag. J.), *report and recomendations adopted at* 2017 U.S. Dist. LEXIS 68240, 2017 WL 1787550 (Rose, J.).  Applying *McBroom*, it appears mandamus was an appropriate Ohio state court remedy if proper consideration for parole was a mandatory duty of the Adult Parole Authority.  If, on the other hand, Wilson's claim was that he was entitled to immediate release because he had not received proper consideration, then state habeas corpus would have been the proper remedy.

This Court need not attempt to decide whether mandamus or habeas would have been the appropriate remedy because Wilson did not seek that remedy until after the statute of limitations

4

had run.  Because the Sixth Circuit allowed Wilson to pursue habeas relating to the 2017 Parole Authority decision, the Court will assume that the one year statute of limitations for challenging that decision began to run when the decision was made, February 28, 2017, and expired one year later on March 1, 2018.  The instant proceeding was not commenced until more than a year later.  Assuming that state court mandamus was the appropriate state court remedy for challenging the Parole Authority decision and that mandamus would "count" as a collateral attack[1] on that decision, collateral attacks properly filed under 28 U.S.C. § 2244(d)(2) do not restart the statute of limitations, but only toll it; collateral attacks filed after the statute has expired have no effect on the limitations' calculation.

**Conclusion**

Because Wilson did not file this action until more than a year after the statute of limitations expired, it should be dismissed with prejudice as time-barred.  The Court should not reach the merits of Wilson's claims.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 16, 2020.

                              s/ *Michael R. Merz*
                              United States Magistrate Judge

---

[1] So far as the Court is aware, Ohio law does not provide "direct" review by a court of a Parole Authority decision, so mandamus or state habeas must be interpreted as collateral attacks for purposes of 28 U.S.C. § 2244(d)(2).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.