# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LAWRENCE EARL WILSON,

        Petitioner,      :     Case No. 3:19-cv-266

  - vs -                           District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
  Franklin Medical Center,

                             :

        Respondent.

## DECISION AND ORDER

       This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 41) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 34). Fed.R.Civ.P. 72(b) requires that a District Judge review *de novo* any portion of a report and recommendation to which specific objection is made. The Court has done so and rules on Petitioner's Objections in this Decision.

       Wilson's initial Petition contained five grounds for relief. Prior to filing, he sought permission from the Sixth Circuit to proceed with a second or successive habeas petition, as he had previously sought habeas relief from the underlying conviction[1]. The Sixth Circuit denied permission on three of his claims, but decided he needed no permission as to the two claims arising from his February 2017 denial of parole. *In re Lawrence E. Wilson*, Case No. 19-3310 (6th Cir.

---

[1] *Wilson v. Hurt*, Case No. 3:99-cv-128, dismissed January 3, 2000; affirmed, 29 Fed. Appx. 324 (6th Cir. Feb. 6, 2002).

1

Oct. 11, 2019) (unpublished; copy at ECF No. 3). Wilson then filed the Amended Petition (ECF No. 7) with those two claims.

The Magistrate Judge has recommended dismissal of the Amended Petition as time-barred. He reasons that the adverse parole decision complained of happened February 28, 2017, but Wilson never filed any state court action to have that decision reviewed until more than fifteen months later when he filed a mandamus action in the Supreme Court of Ohio (Report, ECF No. 34, PageID 1241). While the mandamus action counts as a collateral attack on the parole board decision and would have tolled the statute of limitations under 28 U.S.C. § 2244(d) if it had been filed before the statute expired, it was not and a collateral attack does not re-start the statute. *Id.*

**Equitable Tolling**

In his Objections, Wilson asserts for the first time[2] that the statute of limitations should be equitably tolled in this case (Objections, ECF No. 41, PageID 1259-62). The one-year statute of limitations in 28 U.S.C. § 2244 is indeed subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[3] "[T]he second prong

---

[2] Because Wilson never made an equitable tolling claim before the Magistrate Judge, the Court could deny the claim as waived. The Court will, however, deal with the claim on the merits; there is no jurisdictional bar to doing so.

[3] Wilson quotes from some unnamed source five factors are to be considered on entitlement to equitable tolling (Objections, ECF No. 41, PageID 1262). Those five factors appear to come from *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). However, the Sixth Circuit has held that five factor test no longer applies in light of the Supreme Court's decision in *Holland*. *Ata v. Scutt*, 662 F.3d 736 n3 (6th Cir. 2011); *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011

2

of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

In attempting to show that he has been diligent, Wilson cites both actions he took long before the challenged parole board hearing and actions he has taken since filing this case. For example, he cites a declaratory judgment action he filed in the Franklin County Court of Common Pleas in 2009 (Objections, ECF No. 41, PageID 1260). While that filing may show he has assiduously been seeking release from prison, it obviously shows nothing he did to obtain relief from the asserted constitutional violations that occurred in February 2017. The same must be said of his 2016 motion to vacate in the trial court. Actions taken before the February 2017 parole board hearing, while they can show diligence in seeking release generally, cannot justify Wilson's fifteen-month delay in seeking to correct the parole board's asserted constitutional violations by mandamus.

As for extraordinary circumstances, Wilson claims that the legal research facilities where he has been confined fail to meet constitutional standards and that impeded him (Objections, ECF No. 41, PageID 1259-60). He offers no proof of this beyond his own assertion. Despite whatever limitations exist in the prison law library, Wilson has been able to file many other matters in the state and federal courts during his imprisonment.

Wilson has not proved he is entitled to equitable tolling of the statute of limitations. His objection in that regard is OVERRULED.

**OTHER CLAIMS MADE IN THE OBJECTIONS**

In addition to raising equitable tolling as a defense to the statute of limitations, Petitioner spends a great deal of time discussing the merits of his underlying criminal case and not just the February 2017 parole board hearing under the heading that that this case is extraordinary and exceptional (Objections, ECF No. 41, PageID 1262-75).  This Court has no jurisdiction to consider those claims because Wilson has previously filed a habeas corpus case challenging his conviction. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).  The Sixth Circuit denied Wilson permission to proceed on anything aside from the 2017 parole board claims.

**Conclusion**

Accordingly, Wilson's Objections are OVERRULED and the Magistrate Judge's Report and Recommendations are ADOPTED.  Wilson's Amended Petition is ordered dismissed with prejudice and the Clerk shall enter judgment to that effect.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 30, 2020                                                                                       *s/Thomas M. Rose

                                                                                               _____
                                                                                                      Thomas M. Rose
                                                                                               United States District Judge